UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20830-Civ-COOKE/TORRES

LORRAINE BAUTISTA,

    Plaintiff,

vs.

MANGIA LEGGERO, INC. and
CATALDO DELL'ANNO,

    Defendants.
_____/

**ORDER DENYING DEFAULT JUDGMENT**

    THIS MATTER is before me upon Plaintiff Lorraine Bautista's Motion and Memorandum of Law in Support of Plaintiff's Motion for Default Judgment Against Defendants ("Motion"). (ECF No. 24). I have reviewed the Motion, the record, and the relevant legal authority. I also entered an Order to Show Cause requiring Defendants to explain why I should not grant a default judgment against them. (ECF No. 27). Defendants filed no response to the Order to Show Cause. For the reasons below, Plaintiff's Motion is **DENIED** *without prejudice*.

### I. BACKGROUND

    Plaintiff brought this action against Defendants Mangia Leggero, Inc. ("MLI") and Cataldo Dell'Anno ("Dell'Anno") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Florida Statutes § 448.01 *et seq.*, and state law breach of contract. At all material times, Defendant MLI was a dissolved Florida corporation operating as a bakery, and Defendant Dell'Anno was MLI's president and sole stockholder. (Compl. ¶¶ 6, 8, ECF No. 1).

    Plaintiff alleges that Defendants employed her as a sales clerk. (*Id.* at ¶ 10). Plaintiff seeks alleged overtime and minimum wages damages owed her. Plaintiff alleges she was entitled, per an oral contract the parties entered into "over 5 years ago," to compensation at

1

a rate of $16.00 per hour for the first 40 hours worked per week, $24.00 per hour for any work beyond 40 hours per week, and 2.5% of gross sales. (*Id.* at ¶¶ 11, 24). Plaintiff claims she was required to work, on average, 60 hours per week. (*Id.* at ¶ 12). But Plaintiff contends that for the period of January 1, 2014 through November 30, 2014, she received on average a total of $99.00 per week, amounting to an hourly wage of $2.48 per hour and no overtime payment. (*Id.* at ¶ 13). Plaintiff further alleges that Defendants' FLSA violations were willful or reckless. (*Id.* at ¶¶ 15, 19).

On March 12, 2015, Plaintiff served a summons and the Complaint on MLI and Dell'Anno, personally serving Dell'Anno at 197 NW 62nd Street, Miami, Florida 33150. (ECF Nos. 12, 13). On April 8, 2015, Defendants filed an Unopposed Motion for Extension of Time to Respond to the Complaint, which I granted. (ECF Nos. 17, 19). On April 27, 2015, after the deadline for responding to the Complaint had passed without Defendants filing their response, Plaintiff moved for entry of a clerk's default, which was entered later that day. (ECF Nos. 20, 23). Plaintiff moved for final default judgment against Defendants on Counts I and II of the Complaint, which allege minimum wage and overtime violations of the FLSA. (ECF No. 24).

## II.   LEGAL STANDARDS

Under the two-step default judgment procedure outlined in Federal Rule of Civil Procedure 55, a party must first obtain an entry of default from the clerk and, once obtained, seek a court's entry of a default judgment against the defaulting party. Fed. R. Civ. P. 55(a), 55(b).[1]

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citing *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although facts are admitted as true, conclusions of

---

[1] Proper service of Defendants is required ahead of obtaining a clerk's default. I find that Plaintiff properly served Defendants in this case. Federal Rule of Civil Procedure 4(h)(1)(A) permits service of process on a corporation to be effected in accordance with the law of the state where the district court is located. Under Florida law, process against a dissolved corporation, such as MLI, is served in accordance with Section 48.081 of the Florida Statutes. Section 48.081(1)(a), in turn, provides that process against a corporation may be served on the president of the corporation. In this case, service of process was properly effected because the summons and complaint were personally served on Cataldo Dell'Anno, who is MLI's President and registered agent. (ECF Nos. 11, 12, 24-2).

law are not. A sufficient basis must still exist in the pleadings to state a claim before a court may enter a default judgment. *Nishimatsu*, 515 F.2d at 1206.

### III.  DISCUSSION

After examining the initial Complaint, I find that Plaintiff has not sufficiently alleged a cause of action under the FLSA against defaulting Defendants. In amending their Complaint, Plaintiff should "set forth the nature of [Defendants'] business and precisely what [Plaintiff] did in the course of [her] employment, taking care to explain how [Defendants'] business, and [her] work for the company, connects to interstate commerce." *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F.Supp.2d 1373, 1377 (2012)

For employees to be eligible for unpaid wages under the FLSA, they must first demonstrate that they are "covered" by the FLSA. *See Josendis v. Wall To Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). There are two types of FLSA coverage: "individual coverage" and "enterprise coverage." *See id.* An employee may qualify for "individual coverage" if he or she "regularly and 'directly participat[es] in the actual movement of persons or things in interstate commerce.'" *Id*. (quoting *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)). An employee may qualify for "enterprise coverage" if an employer (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and that (2) the enterprise has an "annual gross volume of sales made or business done" of at least $500,000. *Polycarpe v. E&S Landscaping Serv. Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203 (s)(1)(A)).

Here, Plaintiff has not specifically alleged facts that show she is entitled to either individual or enterprise coverage under the FLSA.[2] Plaintiff's Complaint states that Defendants are subject to FLSA coverage since the bakery "engage[s] in interstate commerce in [that] its employees, including [Plaintiff], handle goods or materials, including vehicles, that have been moved in or produced for interstate commerce." (Compl. ¶ 9, ECF No. 1). Other statements in the Complaint indicate that Defendants conduct business and

---

[2] Plaintiff refers to meeting "individual coverage" in her Complaint but appears to outline part of the "enterprise coverage" requirements instead. Regardless, Plaintiff fails to plead sufficient facts for either type of coverage, as discussed above.

reside in Miami-Dade County, Florida and that Plaintiff was a sales clerk for the business.[3] (*Id.* ¶¶ 6, 10). These conclusory and vague statements, however, do not plead actual facts about the potential interstate commerce involved in this matter.

Following an "individual coverage" analysis, Plaintiff offers no details about whether she was "directly and regularly engaged in interstate commerce." *Josendis*, 662 F.3d at 1316. There is no indication, for example, about whether Plaintiff traveled outside Florida for her deliveries or other responsibilities. The Complaint mentions goods and materials that had potentially moved in interstate commerce, but it is unclear what Plaintiff's role was in this interstate movement. Even materials or vehicles that have crossed state lines do "not in itself implicate interstate commerce" for purposes of "individual coverage" under the FLSA. *Thorne*, 448 F.3d at 1267. As explained in *Thorne*, "when goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further *intra*state movement of the goods are not covered under the Act." *Id.* (emphasis in original). This principle has been used to bar "individual coverage" for a waitress and cashier who served food and beverage that had previously traveled in interstate commerce without her involvement. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F.Supp.2d 1309, 1313 – 14 (S.D. Fl. 2012). As the current Complaint stands, it is unknown what Plaintiff's specific role was in the handling of Defendants' goods and services and its connection to interstate commerce.

The Complaint's factual allegations also fail under an "enterprise coverage" analysis. Under the first part of the "enterprise coverage" requirement, I find that Plaintiff has adequately pled that some of Defendants' employees are "engaged in" interstate commerce and handle goods that have been "moved in or produced for commerce." *Polycarpe*, 616 F.3d at 1220. But Plaintiff fails to assert whether Defendants' business had gross sales of at least $500,000 in 2014, per the second "enterprise coverage" requirement.

---

[3] Plaintiff also attached an affidavit from Ms. Bautista to its motion for entry of a default judgment (ECF No. 24-1). Any new facts alleged from this affidavit, however, have no bearing on the present default motion since such "facts were not alleged in the complaint" and, thus, Defendants are "not deemed to have admitted them by virtue of its default. . . . Therefore, the Court cannot consider these facts when making its determination about whether the complaint alleges sufficient facts to support liability." *Sabili v. Chase Hotel Mgmt., LLC*, No. 6:10-CV-807-ORL, 2011 WL 940230, at *3 (M.D. Fla. Feb. 28, 2011), *report and recommendation adopted*, No. 6:10-CV-807-ORL, 2011 WL 940207 (M.D. Fla. Mar. 17, 2011). Even so, the affidavit would not help Plaintiff clear her coverage hurdle since it broadly states that Ms. Bautista was "cooking and conducting sales behind the counter and making deliveries" at Defendants' business without further details. Bautista Aff. ¶ 2, ECF No. 24-1.

To be sure, Plaintiff "need not know for certain, nor prove, that [Defendants'] annual gross revenues exceed[ed] $500,000 at the pleading stage." *Ceant*, 874 F. Supp. 2d at 1378. So if Plaintiff has a good faith belief that the bakery business qualifies under the FLSA's "enterprise coverage," then she needs to explicitly allege the gross sales requirement.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion and Memorandum of Law in Support of Plaintiff's Motion for Default Judgment Against Defendants (ECF No. 24) is **DENIED** *without prejudice*;
2. Plaintiff shall file an Amended Complaint within fourteen (14) days of this Order. In amending, Plaintiff must provide sufficient allegations about individual or enterprise coverage under the FLSA, as outlined above. In all other respects, the Complaint is adequately pled.
3. Defendants shall have fourteen (14) days to respond to the Amended Complaint after Plaintiff properly serves them, per Federal Rule of Civil Procedure 15(a)(1)(3).
4. If Defendants are non-responsive to the Amended Complaint, Plaintiff may reinitiate default judgment proceedings.

**DONE and ORDERED** in chambers at Miami, Florida, this 4th day of November 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*